### Lines and Others *v.* Mack and Others.

A note, made payable at a place in another State, and bearing a higher rate of interest than is lawful in this State, but not a higher rate than is allowed by the law of the place where it is payable, may be enforced in this State according to its tenor.

APPEAL from the *Grant* Common Pleas.

WORDEN, J.—Action upon a promissory note of the following tenor:

"$ 259.60.                       CINCINNATI, *April* 22, 1857.

"Six months after date, we, the subscribers, of *Fairmount*, County of *Grant*, State of *Indiana*, promise to pay to the order of *Mack and Brothers*, two hundred and fifty-nine dollars and sixty cents, without any relief whatever from valuation or appraisement laws, value received, payable at their counting rooms, with ten per cent. interest after maturity.                       S. LINES & CO.

"Due *October* 25, 1857."

Averment that the note was made in *Ohio*, and there payable, setting out the statute of that State, authorizing interest at the rate specified in the note.

Judgment for the plaintiffs for the amount of the note, with interest at the rate specified, after deducting a payment.

The only question in the case is, whether there was sufficient proof offered to the Court below, the cause having

been tried by the Court, to show that the note was made in the State of *Ohio*, or was payable there.

There was, perhaps, no legitimate proof that the note was *made* in *Ohio*, but it seems to us that the proof was sufficient to show that it was payable in that State. The note bears date at "*Cincinnati*," and is payable at the counting rooms of the plaintiffs.

*James F. McDowell* testifies that the counting rooms of the plaintiffs are in the State of *Ohio;* that he has transacted business with the plaintiffs, and is satisfied that their place of business is in *Cincinnati*, in the State of *Ohio*. To be sure, he also states, on cross-examination, that he did not see the note executed, and knew nothing of it until it was sent to him for collection. He says, further, that he is not certain that he was ever at the plaintiffs' counting rooms, and don't know that he is acquainted with plaintiffs, but has transacted business for them, and saw one of the firm, or their agent, at *Marion*. It is objected that this testimony is all hearsay. We do not think so. The witness testifies that he has transacted business for the plaintiffs, and is satisfied that their place of business is in *Cincinnati*, in the State of *Ohio*. This portion of the testimony does not appear to be hearsay. How the witness became "satisfied" of the fact, does not very clearly appear, unless it be from the knowledge he acquired in the transaction of business for the plaintiffs. The record does not show that this portion of the evidence is objectionable; and, coupled with the place at which the note is dated, it shows sufficiently that the note was payable in the State of *Ohio*, and therefore governed by the law of that State.

*Per Curiam.*—The judgment below is affirmed, with costs and five per cent. damages.

*J. H. Jones*, for the appellants.